**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-31128

N.J. COLLINS, INC.,

Plaintiff-Appellant,

VERSUS

PACIFIC LEASING, INC.,

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana
(97-CV-2379-N)

October 16, 2000

Before REAVLEY, BENAVIDES, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:[*]

N.J. Collins, Inc., ("NJC") sued Pacific Leasing, Inc., ("Pacific") for an alleged breach of a sale contract whereby Pacific was to sell the tugboat FRANCES J to NJC for $700,000. Pacific filed a counter-claim, contending NJC breached the contract by failing to make required advance deposits. The district court

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

granted partial summary judgment to Pacific upon determining that Pacific had not modified the contract or waived the provisions requiring advance deposits of $70,000, that NJC had not relied to its detriment on Pacific's actions, and that NJC breached the contract's advance deposit requirements by failing to make the payments. Trial was conducted solely on the issue of damages. NJC requested that the court instruct the jury regarding Pacific's duty to mitigate its damages. The district court instructed the jury on the duty imposed on Pacific by the Uniform Commercial Code ("UCC") to resell the tugboat in good faith and in a commercially reasonable manner, but the court refused to instruct the jury separately on the duty to mitigate, reasoning that the jury instruction given subsumed the duty to mitigate in the UCC context. The jury returned a verdict in favor of Pacific, and the court entered judgment awarding $210,000 in damages to Pacific. On appeal, NJC contends that the district court made two errors: (1) in granting partial summary judgment to Pacific on the issues of contract breach, contract modification, and waiver and reliance, and (2) in not separately instructing the jury on the issue of Pacific's duty to mitigate. We affirm the district court's judgment.

I.   Factual Background

Pacific and NJC executed the sale contract on July 26, 1996.

2

Because the tugboat was located in Guam and NJC was located in New Orleans, the contract required Pacific to deliver the boat from Guam to Balboa, Panama, where NJC would pay the balance of the contract and take possession of the boat. The terms of the contract obligated NJC to make an advance deposit of $35,000 by August 2; NJC failed to do so. Pacific made demands on NJC to fulfill its obligation to pay the deposit; a draft purchase/sale agreement sent to NJC by Pacific on August 6 maintained the August 2 deposit requirement. In the meantime, seeking to salvage the sale and to transfer the boat to the United States before the typhoon season, Pacific notified NJC on August 8 that the boat would depart Guam on August 13. According to the terms of the July 26 contract and the August 6 draft purchase/sale agreement, NJC was obligated to deposit another $35,000 in Pacific's bank account within three days of being notified of the intent to sail from Guam. NJC failed to make that payment.

Pacific persisted in demanding that NJC make the required deposits, and continued to move the boat across the Pacific in hopes of salvaging the sale. One day prior to the arrival of the boat in Los Angeles, Pacific informed NJC by fax that it would allow prospective buyers to inspect the boat there.[2] Pacific sold another boat in Los Angeles that NJC had contracted to purchase and informed NJC by fax on October 8 that it was moving the FRANCES J

---

[2] NJC claimed to have not received the fax transmission.

3

on to Balboa, Panama.[3]  Having received no response from NJC after September 23, Pacific did not contact NJC when the boat arrived in Balboa.  Instead, Pacific moved the boat through the Panama Canal to New Orleans and sold it to an alternate buyer for the reduced price of $527,000.  NJC never received financing approval for the sale and never made any of the deposits required by the contract.

II.  Analysis

A.  Contract modification and waiver

We review the grant of summary judgment de novo, employing the same standards used by the district court.  Alton Ochsner Med. Found. v. Allendale Mut. Ins. Co., 219 F.3d 501, 504 (5th Cir. 2000).

This dispute is governed by the UCC, as adopted by Guam. According to section 2201 of the Guam UCC, for a contract for the sale of a good more than $500 in value to be enforceable, it must be in writing and signed by the party against whom its enforcement is being sought.  13 GUAM CODE ANN. § 2201(1) (2000).  Section 2209 provides that a modification must also be in writing when the sale price as modified exceeds the $500 threshold of Section 2201.  Id. § 2209(3).  The section also provides, however, that:

> Although an attempt at modification or rescission does not satisfy the requirements of subdivision (2) or (3), it can operate as a waiver.... A party who has made a

---

[3]  NJC again claimed that it did not receive the fax transmission.

4

waiver affecting an executory portion of the contract may retract the waiver by reasonable notification received by the other party that strict performance will be required of any term waived, unless the retraction would be unjust in view of a material change of position in reliance on the waiver.

Id. § 2209(4) and (5).

NJC argues that Pacific's performance of the contract by moving the boat across the ocean to Balboa, despite the lack of advance payments by NJC, in effect modified the contract to not include the advance deposit requirements. According to the above-quoted sections of the Guam UCC, however, such a modification was required to be in writing.[4] NJC is unable to identify any writings that are modifications of the contract. Indeed, the only writings of record from Pacific to NJC indicate the opposite; Pacific's communications demanding that the deposits be made as required by the contract, and the purchase/sale agreement of August 6 referring to the advance deposit requirements of the July 26 contract, all indicate that the contract had not been modified.

NJC next argues that Pacific's movement of the boat across the ocean despite NJC's nonpayment of the deposits were actions constituting an attempted modification and were therefore a waiver of the advance deposit requirements in the contract, according to Guam UCC section 2209(4). Courts interpreting this section of the UCC have reasoned that, because waiver is "the intentional

_____

[4]  This is true whether the value is calculated as the value of the full contract–$700,000–or the value of the deposits affected by the alleged modification–$70,000.

5

relinquishment of a right," waiver must be proven either by showing that the actions were so unequivocal that they induced reliance on the alleged waiver by the other party or the waiver must be "clearly inferable from the circumstances." Bank v. Truck Ins. Exchange, 51 F.3d 736, 739 (7th Cir. 1995); see also American Suzuki Motor Corp. v. Bill Kummer, Inc., 65 F.3d 1381, 1387 (7th Cir. 1995) (finding that actions evidencing a waiver must be "unequivocal," and that a waiver can only occur if the other party "reasonably relied" on it). The attorney for Pacific testified that he directed the movement of the boat across the ocean to make it available to a market before the Pacific typhoon season, but also in hopes of salvaging Pacific's contract with NJC. His communications with NJC consistently noted NJC's failure to make the advance deposits, demanded that the payments be made, and asked NJC to inform Pacific why the payments had not been made. These actions did not constitute an unequivocal relinquishment of Pacific's right to collect the advance deposit of $70,000; therefore, they cannot be construed as an "attempted modification" and waiver of Pacific's right to the advance deposits. Moreover, NJC fails to point to any disadvantage it suffered from reliance on Pacific's movement of the boat across the ocean despite NJC's default upon the advance deposits. NJC was unable to secure financing, so it did not incur debt in an attempt to complete the purchase. Because NJC failed to provide proof from which a

6

reasonable trier of facts could have found an attempted modification or detrimental reliance, we conclude that the district court was correct in granting summary judgment to Pacific.

B.  Mitigation of damages

In reviewing a trial court's instructions to the jury, we reverse only "[i]f the charge as a whole leaves us with substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." McCullough v. Beech Aircraft Corp., 587 F.2d 754, 759 (5th Cir. 1979).

The district court instructed the jury that Pacific was obliged to give NJC reasonable notice of its intent to resell the FRANCES J and to act in good faith and in a commercially reasonable manner.  These instructions are in accord with the seller's duty when reselling a good under the Guam UCC.  13 GUAM CODE ANN. § 2706(1) (2000) ("Where the resale is made in good faith and in a commercially reasonable manner the seller may recover the difference between the resale price and the contract price together with any incidental damages allowed under the provisions of this division (Section 2710), but less expenses saved in consequence of the buyer's breach.").  The seller's damages in case of breach are reduced, or mitigated, by the amount of a resale conducted in good faith and in a commercially reasonable manner.  See id.  Section 2706(1) encompasses the seller's requirement to mitigate his

7

damages under the UCC.  <u>See</u> 5 R<span style="font-variant:small-caps">OBERT</span> L. H<span style="font-variant:small-caps">AIG</span>, B<span style="font-variant:small-caps">USINESS</span> & C<span style="font-variant:small-caps">OMMERCIAL</span> L<span style="font-variant:small-caps">ITIGATION IN</span> F<span style="font-variant:small-caps">EDERAL</span> C<span style="font-variant:small-caps">OURTS</span> § 74.8, at 704 (1998) (observing that "[t]he[] terms [of UCC § 2-706(1)] require seller to mitigate damages wherever possible").  NJC failed to show that Pacific could have taken any additional mitigating action consistent with the UCC.  Therefore, we find that the jury instruction here adequately informed the jury of Pacific's duty to mitigate.  To have instructed the jury as to an additional mitigation duty would have been redundant and possibly misleading.  In any event, under the circumstances of the present case, the lack of an additional instruction on mitigation does not create a substantial and ineradicable doubt that the jury was misled.  <u>See, e.g.</u>, <u>Beckman Cotton Co. v. First Nat'l Bank of Atlanta</u>, 666 F.2d 181, 183-84 (5th Cir. 1982) (measuring the duty to mitigate by the UCC's commercial reasonableness standard).

III. Conclusion

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment in favor of Pacific and against NJC on the issue of liability for breach of contract and fraud and AFFIRM the district court's final judgment awarding damages to Pacific.